IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| HOWARD GOLDBERG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:18-cv-00602-MHL |
| | ) | |
| WEGMANS FOOD MARKETS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### SECOND NOTICE OF OBJECTION/DISCOVERY DISPUTE

Pursuant to the Court's Initial Pre-Trial Order (ECF 11), Plaintiff Howard Goldberg, by counsel, hereby files his Second Notice of Objection/Discovery Dispute, and states as follows:

1. This is a slip and fall case resulting in serious and permanent injuries to Howard Goldberg at a Wegmans' store on Broad Street in Henrico, Virginia.  Mr. Goldberg suffered injuries including multiple fractures in his shoulder, hand and toe, and he underwent a shoulder replacement surgery.  His medical expenses are approximately $335,000.00.  It is anticipated that he will have approximately $200,000 in future medical bills associated with this fall.

2. Plaintiff propounded written discovery with the Complaint filed in the Circuit Court for the City of Richmond, on August 1, 2018, and on August 28, 2018, Defendant filed Objections to Plaintiff's Interrogatories and Requests for Production in that Court.

3. On August 30, 2018, Defendant filed a Notice of Removal of this case to this Court (ECF 1).

4. On September 13, 2018, counsel for the parties conducted a discovery conference by telephone, and agreed upon dates for the parties to trigger responses to discovery requests.

5. The parties agreed to exchange discovery on October 19, 2018.

6. Plaintiff timely served his Objections and Answers to Defendant's First Interrogatories and Requests for Production of Documents on October 19, 2018.

7. Defendant Wegmans did not provide timely Answers to Plaintiff's Interrogatories and Requests for Production. The answers were provided on December 11, 2018, which did not contain objections and relied only upon Objections made in state court on August 28, 2018.

8. Notably absent from Defendant's untimely responses was a privilege log. Moreover, no privilege log at all was filed until January 25, 2019, which cited only two entries of phone calls made by the Wegmans' adjuster. A complying privilege was due months before, but nonetheless was not provided.

9. Counsel for Plaintiff repeatedly raised Plaintiff's concerns with Defendant's counsel as to the propriety of the Objections and Answers provided with Defendant's discovery on several occasions, including during each of the several discovery depositions of Wegmans' employees conducted to date. During each of these depositions, it became clear that Defendant's discovery responses were incomplete, as documents directly responsive to discovery requests propounded months prior were identified as existing by the individual deponents in their testimony, but had not been provided to Plaintiff. The withheld documents were not privileged. These documents, despite multiple requests, were not produced until February 23, 2019 in Supplemental Responses provided by the Defendant.

10. Also, notably, defense counsel failed to provide, and actively concealed, the identity of the Wegmans store manager on duty, Todd Stassner, and failed to disclose his identity

in either Defendant's Initial Disclosures or in Defendant's response to Plaintiff's Interrogatory No. 10, which specifically requested that non-privileged, factual information. Defense counsel was asked about this omission, in writing, on several occasions, and defense counsel claimed, upon inquiry, that the unidentified manager had "no knowledge" and that counsel was not required by the rules to disclose the manager's identity because he has "no information." Defense counsel, without any articulated basis, refused to provide the name of the store manager on duty. Plaintiff's counsel discovered the specific identity of the store manager's identity, Todd Stassner, only through a deposition of a Wegmans' employee, Michael Dowd, on January 23, 2019. Todd Stassner's deposition was then scheduled and took place on February 14, 2019.  Mr. Stassner's testimony revealed, <u>inter alia</u> that defense counsel <u>never</u> spoke to the on-duty manager until months after the Initial Disclosures were due and Interrogatories were answered. (Depo. of Todd Strassner, Store Manager, p. 28, lines 12-16;  Exhibit A).  He also provided a treasure trove of information relevant to Plaintiff's claims.  This is intentional evasion of discovery.

11. After Plaintiff raised the issues of incomplete Interrogatory and Requests for Production Answers orally and in writing, Defendant Wegmans' counsel refused to withdraw the bulk of the Objections he asserted (which claim privilege and work product to nearly every Interrogatory and Request).  Defendant Wegmans' objections also include ones of "overbreadth" and "undue burden" with no explanation of how or why any request was overly broad or unduly burdensome. Finally, individual objections of privilege were not documented in a timely, complying privilege log.

12. Plaintiff prepared a draft of a chart outlining the Plaintiff's discovery requests and Defendant's objections in mid-February and provided it to defense counsel.  On February 21, 2019, at 3:00 p.m., after Plaintiff's counsel had transmitted a chart as to the various issues of

- 3 -

disagreement on the discovery at issue to defense counsel.  Counsel for the parties conferred in good faith for an hour concerning the disputed discovery responses. Unfortunately, counsel for the parties were unable to resolve most of the Objections, and are now exchanging this chart between them in an attempt to narrow the areas of dispute.

13. The parties will file a Joint Statement and the chart detailing and itemizing the specific discovery Objections and Responses that are at issue in 14 days, stating each party's respective position, including the applicable facts, the Rules involved, and legal analysis. They will continue to attempt to narrow the issues of the discovery dispute.

March 1, 2019

                                       Respectfully submitted,
                                       HOWARD GOLDBERG

                                       By: /s/
                                       Jonathan E. Halperin, Esq. (VSB No. 32698)
                                       Andrew Lucchetti, Esq. (VSB No. 86631)
                                       Halperin Law Center, LLC
                                       5225 Hickory Park Drive, Suite B
                                       Glen Allen, VA 23059
                                       Phone: (804) 527-0100
                                       Facsimile: (804) 597-0209
                                       jonathan@hlc.law
                                       andrew@hlc.law

## CERTIFICATE OF SERVICE

I certify that on March 2, 2018, I will file the foregoing Motion using the Court's CM/ECF system which sent electronic notification of this filing to the following counsel of record:

John H. Carstens, Esq.
Jordan Coyne, LLC
10509 Judicial Drive, Suite 200
Fairfax, VA  22030
Phone (703) 246-0900
j.carstens@jocs-law.com
*Counsel for Defendant*

                                                                     /s/_____
                                                                    Jonathan E. Halperin